UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARANDO GOURMET FROZEN FOODS CORP., | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 3:17-cv-30164-ADB |
| AXIS AUTOMATION, LLC and AXIS AUTOMATION GROUP, INC., | * * * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO FILE AMENDED COMPLAINT**

BURROUGHS, D.J.

Plaintiff Carando Gourmet Frozen Foods Corporation ("Carando") filed this action against Defendants Axis Automation, LLC and Axis Automation Group, Inc., (collectively, "Axis"), bringing nine claims all stemming from Axis' alleged failure to timely build an integrated pie production line. [ECF No. 1]. Axis brought counterclaims against Carando for breach of contract for Plaintiff's failure to pay for the allegedly defective pie production line. ("Counterclaim Complaint"). [ECF No. 26]. Currently pending before the Court is Carando's motion to amend the Complaint. [ECF No. 49]. For the following reasons, Carando's motion to amend [ECF No. 49] is DENIED.

I.  **BACKGROUND**

Carando makes, packages, and sells frozen goods to groceries stores across the country. [ECF No. 1 ¶ 20]. Axis designs and builds automated machinery for use in the food industry. [Id. ¶ 19]. In April 2016, Carando entered into a contract with Axis for the construction of an integrated pie production line to be built and installed in Carando's facility in Agawam,

Massachusetts, for $304,200.00. [Id. ¶¶ 21–22]. According to Carando, prior to delivery, the integrated pie production line consistently failed quality assurance tests over a period of six months. [Id. ¶¶ 34–42]. Axis delivered the pie production line on October 31, 2017. [Id. ¶ 44]. Carando claims the line was defective at the time of delivery and that it provided notice of its rejection of the integrated pie production line on November 9, 2017. [Id. ¶¶ 44–45].

On that same day, Carando filed suit against Axis, claiming: (1) rightful rejection, (2) breach of contract, (3) breach of express warranty, (4) breach of implied warranty of merchantability, (5) breach of implied warranty of fitness for a particular purpose, (6) negligent misrepresentation, (7) promissory estoppel, (8) and unjust enrichment. [ECF No. 1]. Carando additionally sought a declaratory judgment that the integrated pie production line did not meet the contract specifications, (9). [Id.]. The case was assigned to Judge Mastroianni. On January 5, 2018, Axis filed its answer and its Counterclaim Complaint. [ECF No. 13].

On July 25, 2018, Judge Mastroianni issued a schedule pursuant to Federal Rule of Civil Procedure 16(b), which required that all motions to amend pleadings be filed by September 15, 2018. [ECF No. 23]. On September 14, 2018, Axis amended its answer. [ECF No. 26]. On September 28, 2018, Judge Mastroianni recused himself. [ECF No. 29]. The case was then reassigned to this Court on October 1, 2018. [ECF No. 30].

Under the operative scheduling order, all non-expert fact discovery was completed on May 17, 2019. [ECF No. 43]. In July 2019, the Court granted an extension of time for expert discovery, with all expert discovery now to be completed by October 16, 2019. [ECF No. 46]. On July 31, 2019, Carando filed a motion to amend the Complaint, [ECF No. 49], which Axis opposed, [ECF No. 54].

## II.     DISCUSSION

Under Federal Rule of Civil Procedure 15(a), where a party seeks to amend a pleading more than 21 days after a motion to dismiss or answer has been filed, it may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs that leave to amend should be "freely give[n] . . . when justice so requires." Id. "At a certain point," however, "this amendment-friendly regime may cease to govern." U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015).

In cases where a district court has issued a scheduling order under Rule 16(b) and the amendment sought contravenes a deadline imposed by the court, "Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard." Id. (first citing Cruz v. Bristol-Myers Squibb Co., P.R. Inc., 699 F.3d 563, 569 (1st Cir. 2012) and then citing Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008)). "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also O'Connell v. Hyatt Hotels, 357 F.3d 152, 155–56 (1st Cir. 2004) (citing Sosa with approval).

"Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." O'Connell, 357 F.3d at 155. Under this inquiry, "[p]rejudice to the opposing party remains relevant but is not the dominant criterion." Id. Rather, "'[i]ndifference' by the moving party" may preclude leave to amend "irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id. (citation omitted).

3

"Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial tactics and strategy . . . ." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)). "As a case progresses, . . . the burden on a plaintiff seeking to amend a complaint becomes more exacting." Id.

Under the original scheduling order imposed by Judge Mastroianni, all amendments to the pleadings were required to have been filed by September 15, 2018. [ECF No. 23]. When the case was reassigned to this Court, the parties filed a joint motion to extend discovery deadlines, which made no reference to a new deadline for amended pleadings. [ECF No. 37]. Therefore, all amendments to pleadings should have been filed by September 15, 2018.

Because Carando's request for leave to amend the pleadings is not timely, the Court reviews its request under Rule 16(b)'s "good cause" standard. Here, Carando proposes to add the following claims based on alleged misrepresentations made to Carando in the sale of the pie production line: (i) intentional misrepresentation, (ii) violation of Massachusetts General Laws Chapter 93A, and (iii) violations of Massachusetts General Laws Chapter 231, § 85J. See [ECF No. 51-1 at 46–51].

1. Whether Carando Was Diligent in Requesting Leave to Amend

Chapter 93A provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." Mass. Gen. Laws ch. 93A § 2(a). Chapter 231 § 85J provides treble damages to those who are damaged by any deceit or fraud in the sale of personal property. Mass. Gen. Laws ch. 231 § 85J.

Carando argues that it did not became aware of the underlying facts necessary to plead intentional misrepresentation or its claims under Massachusetts General Law Chapter 93A and Chapter 231, § 85J until it deposed Axis' current and former employees, including Axis' owner and president. [ECF No. 50 at 6]. These depositions were apparently not completed until June 14, 2019, despite the May 17, 2019 fact discovery deadline in this Court's scheduling order. [Id.]; see [ECF No. 43].

Carando first deposed Axis' president on March 8, 2019. [ECF No. 54 at 1]. Carando has not explained why it was unable to pursue its new claims after it first deposed Axis' president in March or demonstrated that its proposed claims of intentional misrepresentation and violations of Chapter 93A and Chapter 231, § 85J require any facts that were unavailable to Carando before the June 14, 2019 deposition. See [ECF No. 51-1 ¶¶ 110–17, 128–33, 134–37]. In fact, based on the facts previously alleged in Carando's Complaint, [ECF No. 1], it seems that Carando could have alleged at the outset that Axis was deceptive in intentionally misrepresenting that its pie production line would be free of defects and meet the specifications included in the contract, assuming that Carando had delivered the required demand letter under Chapter 93A. See Smith v. Jenkins, 777 F. Supp. 2d 264, 267 (D. Mass. 2011) (noting that Chapter 93A has a jurisdictional prerequisite that the plaintiff deliver a demand letter to the defendant thirty days before filing a complaint, which identifies the plaintiff and describes the allegedly unfair or deceptive acts).[1]

---

[1] Even if the Court were to accept that Carando was unable to pursue these new allegations until after its June 14, 2019 deposition of Axis' president, that deposition was still untimely under the Scheduling Order, which required that all fact discovery be completed by May 17, 2019. [ECF No. 43].

The Court therefore finds that Carando has failed to demonstrate that it acted diligently in requesting its leave to amend.

        2.      <u>Whether Axis Will Be Prejudiced by Granting Carando Leave to Amend</u>

Though it is not the dominant criterion, prejudice to the non-moving party remains relevant when deciding a motion to amend a complaint under Rule 16. <u>O'Connell</u>, 357 F.3d at 155. Carando claims that Axis would not be prejudiced by the additional claims because they arise out of the same transaction described in the complaint and are intertwined with the prior claims and would therefore not require additional discovery. [ECF No. 50 at 7]. Although Axis agrees that the new allegations arise from the "same transaction," it argues that it would be prejudiced either by discovery being re-opened or by being denied the opportunity to question Carando's witnesses regarding the new allegations. [ECF No. 54 at 2].

Carando, arguing that fact discovery would not have to be re-opened, asks that the Court find (1) that Carando could not have brought these new allegations until it had the benefit of fact discovery and (2) that Axis would not be prejudiced because the claims arise from the same transaction, so no new fact discovery is necessary. Carando cannot have it both ways—in effect arguing that it needed new discovery to bring the claims, but that Axis does not need reciprocal new discovery to defend against them.

The Court finds that additional fact discovery would be warranted. "To succeed on a claim of intentional misrepresentation under Massachusetts law, a plaintiff must show 'a false statement of material fact made to induce the plaintiff to act and reliance on the false statement by the plaintiff to his detriment.'" <u>Zotbelle, Inc. v. Kryolan Corp.</u>, No. 17-cv-11411, 2019 WL 4602854, at *10 (D. Mass. Sept. 23, 2019) (quoting <u>Edlow v. RBC, LLC</u>, 688 F.3d 26, 36 (1st Cir. 2012)). Axis would likely need discovery in order to determine the extent to which Carando

relied on any allegedly intentionally misleading statements on the part of Axis. Similarly, in order to defend against Carando's proposed Chapter 93A claim, Axis would need to investigate whether its allegedly deceitful actions were "the 'but-for' cause of the plaintiff's loss." King v. Wells Fargo Bank, N.A., No. 19-cv-10065, 2019 WL 3717677, at * 4 (D. Mass. Aug. 7, 2019).

Axis argues that, after almost two years of litigation, further delays to permit the additional discovery necessary to defend against these new claims would be prejudicial and expensive, including any additional prejudgment interest. [ECF No. 54 at 2]. The Court agrees that Axis would be prejudiced if discovery were re-opened. See, e.g. Rhoades v. Camden Nat'l Corp., No. 07-cv-117, 2008 WL 375250 (D. Me. Feb. 11, 2008) (denying a motion to amend to add a related claim that was allegedly only discovered after deposition when the discovery deadline had lapsed).

The Court finds that it would be prejudicial to allow Carando to add new allegations at this late date without providing Axis with additional fact discovery and that re-opening fact discovery at this stage would be prejudicial.

### III. CONCLUSION

Accordingly, Carando's motion to amend [ECF No. 49] is <u>DENIED</u>. The Court finds that Carando has failed to demonstrate that it acted diligently in making its motion to amend and further finds that it would be prejudicial to re-open fact discovery.

**SO ORDERED.**

October 22, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

7